**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br> v.<br><br>GERARDO CANJURA-CABRERA,<br><br>          Defendant. | Case No. 20-cr-01426-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 47)** |

   On April 8, 2021, this Court sentenced Mr. Canjura-Cabrera to thirty-six months in custody. (ECF No. 45.) Mr. Canjura-Cabrera has served approximately fifteen months of that sentence, and according to the Government, is projected to be released in December 2023. Mr. Canjura-Cabrera has now filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i)—Compassionate Release. (ECF No. 47 ("Motion").) The Government opposes. (ECF No. 54 ("Response").) For the reasons stated below, this Court **DENIES** Mr. Canjura-Cabrera's Motion.

## I. BACKGROUND

Mr. Canjura-Cabrera is a 50-year-old legal permanent resident from El Salvador. (Presentence Report, ECF No. 40 ("PSR").) On May 5, 2020, he attempted to enter the United States through the Calexico Port of Entry with nine kilograms of methamphetamine hidden in the vehicle's door panels. (PSR ¶¶ 3–15.) He was allowed to plead guilty to making a false statement to a federal officer, admitting that he falsely told the Customs and Border Protection officer that he was not bringing anything into the United States when he knew he was smuggling contraband—possibly methamphetamine or some other federally-prohibited drug. (*Id.*)

At the time of sentencing, the Court had reviewed the PSR, which detailed Mr. Canjura-Cabrera's medical condition. (PSR ¶¶ 56–59.) He has diabetes, high blood pressure, high cholesterol, asthma, and arthritis in his back and knees. (*Id.*) He had surgery for testicular cancer in 2015, and he was diagnosed with an abnormally fast heart rate while in custody. (*Id.*) He was instructed at the time to limit his caffeine intake. (*Id.*) All of these conditions were taken into consideration by the Court when it varied downward from the sentencing guidelines and imposed a thirty-six-month sentence.

Since he has been in custody at FCI Butner, Mr. Canjura-Cabrera has been receiving treatment for these conditions. (Response, Exh. C.) He is also fully vaccinated and boosted against COVID-19. (Response, Exh. C, at 109.) Currently, no inmates at FCI Butner, where Mr. Canjura-Cabrera is being held, are testing positive for COVID-19. *See* Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus (last visited Oct. 4, 2022).

Records show Defendant has exhausted his administrative remedies by applying for compassionate release from the Warden at FCI Butner. (Motion, at 23.) His request was denied on August 4, 2022. (*Id.*)

## II. ANALYSIS

Once a defendant exhausts his administrative remedies, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling

reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Unfortunately, Congress provided no statutory definition of "extraordinary and compelling reasons" and instead delegated that responsibility to the U.S Sentencing Commission. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). Due to vacancies in the Sentencing Commission, the Commission has been unable to update its definition of "extraordinary and compelling reasons" following passage of the First Step Act that amended § 3582(c)(1)(A). *Id.* Nonetheless, the Sentencing Commission's original policy statements, although not binding, may inform the district court's decision as to whether certain conditions are extraordinary and compelling. *Id.*

In the Application Notes, the Sentencing Commission gives examples of extraordinary and compelling reasons, including where "[t]he defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13(1)(A)(ii), Application Note 1(A)(ii) (last revised Nov. 1, 2021).

Post-*Aruda*, "district courts are empowered to consider any extraordinary and compelling reason for release . . . even if not enumerated by the Sentencing Commission's statements." *United States v. Wright*, No. 19-cr-4286-GPC, 2022 WL 673265, at *3 (S.D. Cal. Mar. 7, 2022). "The Court may therefore consider Section 1B1.13 in its broad exercise of discretion, but it is not bound by its definition of extraordinary and compelling reasons." *Id.*

Since vaccinations have become widespread in the Bureau of Prisons, courts have consistently refused compassionate release requests based on the threat of COVID-19 from inmates or detainees who have been fully vaccinated. *United States v. Cobarruvias-Pete*, No. 18-cr-4151-CAB, 2021 WL 4819301, at *1 (S.D. Cal. Oct. 15, 2021) (citing cases);

1  *see also United States v. Cortez*, No. CR-18-858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) ("The court cannot conclude, particularly in light of his vaccination, that defendant's current exposure to COVID-19 presents 'extraordinary and compelling reasons.'"); *United States v. Upshaw*, No. 1:14-cr-256-NONE, 2021 WL 2417012, at *2 (E.D. Cal. June 14, 2021) ("[C]ourts in this circuit and others have recognized that the widespread availability of COVID-19 vaccines within BOP facilities has significantly diminished the risk posed to federal prisoners by the virus and in turn lessened the degree to which the risks posed by COVID-19 may tip the scale in favor of compassionate release in cases where prisoners suffer from chronic medical conditions." (citing cases)); *United States v. Hall*, No. 3:18-cr-499-BR, 2021 WL 5566539, at *3 (D. Or. Nov. 29, 20210) (noting "other district courts in the Ninth Circuit and other judges in this District have . . . concluded inmates who have been fully vaccinated . . . have not satisfied the extraordinary and compelling standard" even if they suffer from medical conditions that make them more susceptible upon contracting COVID-19 (citing cases)).

This Court adopts the reasoning of these courts, finding the fact that Mr. Canjura-Cabrera is at risk from COVID-19 because of his medical conditions is largely mitigated by the fact that he has been fully vaccinated and boosted against this disease. Not only does it reduce Mr. Canjura-Cabrera's risk were he to contract COVID-19, but as is evidenced by the fact that currently no inmates at FCI Butner are diagnosed with COVID-19, the availability of vaccines to other inmates also reduces the risk that Mr. Canjura-Cabrera will contract the disease at all.

## III. CONCLUSION

In light of the fact that Mr. Canjura-Cabrera has been fully vaccinated and in light of the fact that vaccinations are available to every inmate and every employee in the Bureau of Prisons, the Court cannot conclude that the risk of COVID-19 creates an extraordinary and compelling reason for releasing Mr. Canjura-Cabrera. To the extent that he suffers from various illnesses, this was taken into consideration by the Court at the time of sentencing and, while in custody, Mr. Canjura-Cabrera has been receiving treatment for

these conditions.  Therefore, the Court **DENIES** Mr. Canjura-Cabrera's Motion to Reduce Sentence.  (ECF No. 47.)

**IT IS SO ORDERED.**

DATED: October 4, 2022

Hon. Cynthia Bashant
United States District Judge