UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  v.<br><br>GERARDO CANJURA-CABRERA,<br><br>         Defendant. | Case No. 20-cr-01426-BAS-1<br><br>**ORDER DENYING RENEWED MOTION TO REDUCE SENTENCE (ECF No. 65)** |

## I. BACKGROUND

In an effort to help him preserve his legal permanent residency status and avoid removal to El Salvador, Mr. Canjura-Cabrera was allowed to plead guilty to making a false statement pursuant to § 1001, despite the fact that he came through the Calexico Port of Entry with 9.08 kilograms of methamphetamine hidden in the door panels of his car. (Presentence Report ("PSR") ¶ 5, ECF No. 40.) As part of his plea agreement, Mr. Canjura-Cabrera admitted that he falsely told law enforcement he was not bringing anything into the United States when he knew he was smuggling contraband, possibly methamphetamine

1  or some other federal controlled substance.  (PSR ¶ 19.)  This Court sentenced him to 36
2  months in custody.  (ECF No. 45.)  He has served approximately 20 months of that sentence
3  and is scheduled to be released in December 2023.  (ECF Nos. 45, 58, Exh. A.)

4       Mr. Canjura-Cabrera previously moved for compassionate release, arguing that his
5  diabetes, high blood pressure, history of arthritis, and testicular cancer rendered him at
6  greater risk from COVID-19.  (ECF No. 47.)  This Court referred the Motion to the Federal
7  Defenders Office to determine whether appointment of counsel was warranted.  (ECF
8  No. 48.)  The Federal Defenders Office concluded it was not.  (ECF No. 50.)  The Court
9  denied Mr. Canjura-Cabrera's Motion, finding his vaccination against COVID-19 rendered
10  his concerns greatly alleviated.  (ECF No. 59.)  That denial is currently on appeal to the
11  Ninth Circuit.  (ECF No. 62.)

12       Mr. Canjura-Cabrera now files a Renewed Motion for Compassionate Release,
13  arguing that the Court failed to consider:  (1) that Mr. Canjura-Cabrera uses a walker, which
14  diminishes his ability to provide his own care in the prison system, (2) Mr. Canjura-Cabrera
15  has received no follow-up care for his previous testicular cancer diagnosis, and (3) the
16  Court failed to assess the § 3553(a) factors when it denied Mr. Canjura-Cabrera's initial
17  Motion.  (ECF No. 65.)

18       Before his first Motion, Mr. Canjura-Cabrera filed a request for compassionate
19  release from the Warden where he is being housed.  (ECF No. 58, Exh. F.)  The facility
20  denied his request, concluding Mr. Canjura-Cabrera was "independent in [his] activities of
21  daily living and [his] current medical conditions remain under control."  (ECF No. 58, Exh.
22  G.)

23  **II.  ANALYSIS**

24       The Court concludes Mr. Canjura-Cabrera's initial request to the Warden is
25  sufficient to exhaust his administrative remedies with respect to his renewed request for
26  compassionate release.  Therefore, the Court may modify or reduce his term of
27  imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court
28  finds, as relevant here, that "extraordinary and compelling reasons warrant such a

reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Unfortunately, Congress provided no statutory definition of "extraordinary and compelling reasons" and instead delegated that responsibility to the U.S. Sentencing Commission. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). Due to vacancies in the Sentencing Commission, the Commission has been unable to update its definition of "extraordinary and compelling reasons" following passage of the First Step Act that amended § 3582(c)(1)(A). *Id.* Nonetheless, the Sentencing Commission's original policy statements, although not binding, may inform the district court's decision as to whether certain conditions are extraordinary and compelling. *Id.*

In the Application Notes, the Sentencing Commission gives examples of extraordinary and compelling reasons, including where "[t]he defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13(1)(A)(ii), Application Note 1(A)(ii) (last revised Nov. 1, 2021).

Post-*Aruda*, "district courts are empowered to consider any extraordinary and compelling reason for release . . . even if not enumerated by the Sentencing Commission's statements." *United States v. Wright*, No. 19-cr-4286-GPC, 2022 WL 673265, at *3 (S.D. Cal. Mar. 7, 2022). "The Court may therefore consider Section 1B1.13 in its broad exercise of discretion, but it is not bound by its definition of extraordinary and compelling reasons." *Id.*

Within this framework, the Court considers each of the concerns expressed by Mr. Canjura-Cabrera in his Renewed Motion.

### A.    Ability to Provide His Own Care in Prison

The only documentation of Mr. Canjura-Cabrera's ability to care for himself is from the prison where he is being housed, which concludes that he is "independent in [his] activities of daily living." (ECF No. 58, Exh. G.) It appears he ambulates to the clinic for his medical visits and no further evidence reflects any difficulty functioning within the prison system. (ECF No. 65, Exh. A, at 1.)

Although the Court is certainly sympathetic that using a walker in any environment, and particularly in prison, must be difficult, just the fact that Mr. Canjura-Cabrera walks with a walker is insufficient to show "extraordinary and compelling reasons" justifying release. *See, e.g.*, *United States v. Rodriguez*, 424 F. Supp. 3d 674, 683 (N.D. Cal. 2019) (denying compassionate release to a paraplegic who alleged insufficient physical therapy in custody but who the government alleged was now scheduled to receive this physical therapy).

### B.    Testicular Cancer Diagnosis

According to the Presentence Report, Mr. Canjura-Cabrera had surgery for testicular cancer in 2015. (PSR ¶ 56.) He had been in remission until 2020 "when concerning spots were found in his pelvic area." (*Id.*) He had a follow up medical visit to explore these concerns in April 2021. (*Id.*)

The Court allowed Mr. Canjura-Cabrera to remain out of custody after his sentencing on April 5, 2021, so that he could attend this follow-up medical visit. (ECF No. 44.) He self-surrendered on May 20, 2021. He provides no information about the results of this follow-up exam.

Although Mr. Canjura-Cabrera asserts in his Renewed Motion that "the cancer ha[d] spread and was growing at the time of his surrender," he provides no documentation supporting this assertion. (ECF No. 65.) Nor does he provide any evidence that "his outside doctor had told the [Bureau of Prisons ("BOP")], and BOP agreed, that [he] would need follow-up imaging at the minimum of once every six months while incarcerated." (*Id.*)

Additionally, there is no evidence that Mr. Canjura-Cabrera has asked the medical department at Butner for any follow-up treatment. Despite multiple visits to medical practitioners in custody to address Mr. Canjura-Cabrera's other concerns—arthritis pain, toenail clipping, diabetes maintenance, and blood pressure monitoring—the medical records do not mention any concerns expressed by Mr. Canjura-Cabrera with respect to his testicular cancer. Nor does Mr. Canjura-Cabrera point to what screening tests he feels he should be receiving. *See Testicular Cancer Screening (PDQ®)–Patient Version*, National Cancer Institute (Sept. 29, 2021), https://www.cancer.gov/types/testicular/patient/testicular-screening-pdq ("There is no standard or routine screening test for testicular cancer.").

It is Mr. Canjura-Cabrera's burden to show extraordinary and compelling reasons for his release. At best, he has shown that he had surgery for testicular cancer in 2015 and that he had some concerns about recurrence before self-surrendering in 2021. However, he provides no evidence that the testicular cancer has actually recurred or that there is treatment he should be receiving in custody. Thus, he fails to demonstrate "extraordinary and compelling" reasons for release on this ground.

### C. Other Medical Conditions

To the extent Mr. Canjura-Cabrera argues that his other medical conditions (e.g., diabetes, arthritis, high blood pressure) warrant release, the medical records support that Mr. Canjura-Cabrera's conditions are being treated and monitored by the BOP. Thus, he fails to show that his combination of medical conditions constitutes extraordinary and compelling reasons under § 3582(c)(1)(A).

### D. Section 3553(a) Factors

The Court need not address the factors under § 3553(a) unless and until it finds that a defendant has established extraordinary and compelling reasons justifying his release. *See, e.g., United States v. Ramirez-Suarez*, No. 16-cr-124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020) (noting that because the court finds no "extraordinary circumstances," it need not address the § 3553(a) factors). However, because Mr. Canjura-

Cabrera requests that the Court assess these factors, the Court does so and concludes they do not support Mr. Canjura-Cabrera's immediate release.

The conduct involved with the offense Mr. Canjura-Cabrera committed was serious: he was importing nine kilograms of methamphetamine, which had the potential to destroy many lives. Releasing Mr. Canjura-Cabrera early would not adequately reflect the seriousness of the offense, nor would it provide just punishment or adequate deterrence for the offense. Finally, Mr. Canjura-Cabrera was already given the opportunity to plead to a non-drug offense in order to preserve his legal permanent residency status. Additional departures would create additional unwarranted disparities with other defendants committing similar offenses in comparable circumstances.

### III. CONCLUSION

Because Mr. Canjura-Cabrera fails to demonstrate "extraordinary and compelling reasons for his early release, and because early release is not warranted after considering the factors under § 3553(a), Mr. Canjura-Cabrera's Renewed Motion for Compassionate Release (ECF No. 65) is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 29, 2023

Hon. Cynthia Bashant
United States District Judge